1  Michael A. Isaacs, State Bar No. 99782
   Jeffrey L. Fillerup, State Bar No. 120543
2  Nhung Le, State Bar No. 209552
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5  E-Mail:   misaacs@luce.com
6            jfillerup@luce.com
             nle@luce.com
7
8  Attorneys for Appellee JANINA M. ELDER,
   Chapter 11 Trustee
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13
                                    Case No.  07-CV-05883 CRB
14  PATRICIA ISABELLE HEWLETT,
                                    **MEMORANDUM IN SUPPORT OF**
15        Appellant,               **MOTION TO DISMISS APPEAL**
                                    **[F.R.C.P. 12(b)(1)]**
16  v.
                                    Date:  February 1, 2008
17  JANINA M. ELDER, Trustee,       Time:  10:00 a.m.
                                    Place:  450 Golden Gate Ave.
18        Appellee.                         Courtroom 8, Floor 19
                                            San Francisco, CA
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    SUMMARY OF THE TRUSTEE'S RULE 12(b)(1) MOTION .......................................... 1

II.    FACTUAL BASES FOR THE TRUSTEE'S RULE 12(b)(1) MOTION ............................ 1

III.    ARGUMENT ........................................................................................................ 7

      A.    The September 28 Order Was a Final Order Under Rule 8002(a) ........................... 7

      B.    Ms. Hewlett's Time to Appeal Expired on October 9, 2007 ................................ 8

      C.    The Untimely Filing of the Notice of Appeal is Jurisdictional and Means that this Court Lacks Subject Matter over the Appeal ............................................. 9

IV.    CONCLUSION ................................................................................................... 11

1  Appellee Janina M. Elder, Chapter 11 Trustee (the "Trustee") hereby submits this

2  Memorandum in Support of Motion to Dismiss Appeal,  as  follows:

3  **I.  SUMMARY OF THE TRUSTEE'S RULE 12(b)(1)  MOTION**

4  This is an appeal by Patricia Hewlett from a September 28, 2007 order issued by

5  Bankruptcy Court Judge Thomas E. Carlson ordering Ms. Hewlett to vacate property of the

6  bankruptcy estate in order to allow the Trustee to sell the property free and clear of liens and

7  interests under Bankruptcy Code Section 363(f).  According to Bankruptcy Rule 8002(a),  Ms

8  Hewlett had 10-days, until October 9, 2007, to file a notice of appeal of the September 28 Order.

9  Inexplicably, Ms. Hewlett took various steps, other than filing a timely notice of appeal, in an

10  effort to collaterally attack    the September 28 Order.    For instance, immediately after the

11  September 28 Order was entered, Ms. Hewlett filed  a complaint with the San Francisco Rent

12  Control Board seeking an order allowing her to regain possession.   She had her brother move into

13  the property and her brother suddenly claimed to be a residential tenant.   She filed a petition  for

14  a writ of mandamus in this Court seeking a writ  overturning  the September 28 Order.   However,

15  she   never filed a notice of appeal of the September 28 Order within the 10-day time period.

16  After all of Ms. Hewlett's efforts to collaterally attack  the September 28 Order failed, she finally

17  filed a notice of appeal  on November 5, 2007.  However by November 5, the time to appeal had

18  expired.

19  This motion seeks an order dismissing Ms. Hewlett's appeal because a notice of appeal

20  was not timely filed.    The timely filing of a notice of appeal is jurisdictional.  Ms. Hewlett's

21  untimely  filing of her notice of appeal means that this Court lacks subject matter jurisdiction over

22  the appeal, and the appeal must be dismissed for lack of subject matter jurisdiction under Federal

23  Rule of Civil Procedure 12(b)(1).

24  **II.  FACTUAL BASES FOR THE TRUSTEE'S RULE 12(b)(1) MOTION**

25  On September 30, 2006,  Sophie Ng filed a chapter 11 bankruptcy and the case was

26  assigned to Bankruptcy Judge Thomas E. Carlson.  In December, 2006, Judge Carlson approved

27

28

1    the selection of the Appellee as the Chapter 11 Trustee in the case. [1]  At the time the bankruptcy

2    case was filed, Sophie Ng (the "Debtor") owned various parcels of real property, including a 24-

3    unit apartment building located at 1385 Clay Street, San Francisco, California ("the Clay

4    Property"). [2, 3]

5        In January, 2007, Patricia Hewlett filed a proof of claim in the Ng Bankruptcy claiming

6    that various pre-bankruptcy-petition contracts entitled Ms. Hewlett to manage and operate the

7    Clay Property. [4]  At the time of the bankruptcy filing, Ms. Hewlett operated the apartment building

8    at the Clay Property.  She had rented units in the building to tenants, and she had received rents

9    from tenants prior to the bankruptcy filing.  Ms. Hewlett continued to operate the building after

10   the Debtor filed bankruptcy. [5, 6, 7]  It is undisputed that the Clay Property became part of the

11   bankruptcy estate once the bankruptcy was filed.  Ms. Hewlett's January, 2007 proof of claim

12   alleged that Ms. Hewlett had the contractual right to buy the Clay Property for $3 million, even

---

[1] Appellee's Counter Designation of Record on Appeal, Docket No. 137, Dec. of Janina M. Elder in Support of Motion to Sell Clay Property and 21st Ave.  Property Free and Clear of Liens and Interests, Par. 1.

[2] Appellee's Counter Designation of Record on Appeal, Docket No. 137, Dec. of Janina M. Elder in Support of Motion to Sell Clay Property and 21st Ave.  Property Free and Clear of Liens and Interests, Par. 2.

[3] Appellee's Counter Designation of Record on Appeal, Docket No. 137, Dec. of Sophie Ng in Support of Motion to Sell Clay Property and 21st Ave. Property Free and Clear of Liens and Interests, Par. 1.

[4] Appellee's Counter Designation of Record on Appeal, Docket No. 137, Exh. A to Dec. of Sophie Ng in Support of Motion to Sell Clay Property and 21st Ave. Property Free and Clear of Liens and Interests, Par. 20.

[5] Appellee's Counter Designation of Record on Appeal, Docket No. 183, Dec. of Mark Benson Regarding Order to Recover Past-Due Rents, Future Rent Payments, Security Deposits, and an Order Removing Ms. Hewlett From the Property, Pars. 4-12.

[6] Appellee's Counter Designation of Record on Appeal, Docket No. 180, Dec. of Jeffrey L. Fillerup Regarding Order to Recover Past-Due Rents, Future Rent Payments, Security Deposits, and an Order Removing Ms. Hewlett From the Property, Pars. 1-8.

[7] Appellee's Counter Designation of Record on Appeal, Docket No. 137,  Dec. of Janina M. Elder in Support of Motion to Sell Clay Property and 21st Ave.  Property Free and Clear of Liens and Interests, Pars. 7,11.

Case No. 07-CV-05883 CRB
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS APPEAL [F.R.C.P. 12(b)(1)]

1  though the fair market value was close to $5 million. [8, 9]

2      After the Trustee's appointment was approved by Judge Carlson, the Trustee filed an

3  adversary proceeding against Ms. Hewlett, alleging that the pre-bankruptcy-petition contracts

4  which were the basis of Ms. Hewlett's proof of claim had been induced by fraud, breach of

5  fiduciary duty, and elder abuse. [10] The Trustee's complaint also objected to Ms. Hewlett's proof

6  of claim. The Trustee took the position that Ms. Hewlett did not have the right to buy the Clay

7  Property for $3 million, or any price, because the alleged contracts relied on by Ms. Hewlett were

8  unenforceable, unconscionable, and they were induced by fraud and breach of fiduciary duty. [11, 12]

9      The Trustee then filed a motion to sell the Clay Property free and clear of liens and

10  interests pursuant to 11 U.S.C. Section 363(f).[13] This motion specifically sought an order allowing

11  the Trustee to sell the Clay Property free and clear of Ms. Hewlett's proof of claim and any other

12  interests. Ms. Hewlett filed an opposition to the Trustee's 363(f) motion on July 20, 2007. Ms.

13  Hewlett's counsel, James Attridge, attended the hearing of the 363(f) motion on August 3, 2007,

14  and Mr. Attridge argued against the granting of the motion. [14]  At the hearing,  Judge Carlson

15  _____

16  [8] Appellee's Counter Designation of Record on Appeal, Docket No. 183, Dec. of Mark Benson
    Regarding Order to Recover Past-Due Rents, Future Rent Payments, Security Deposits, and an
17  Order Removing Ms. Hewlett From the Property, Pars. 5-13.

18  [9] Appellee's Counter Designation of Record on Appeal, Docket No. 137, Dec. of Sophie Ng in
    Support of Motion to Sell Clay Property and 21st Ave. Property Free and Clear of Liens and
19  Interests, Pars. 18-20.

20  [10] Appellee's Counter Designation of Record on Appeal, Docket No. 137, Exh. A to Dec. of
    Sophie Ng in Support of Motion to Sell Clay Property and 21st Ave. Property Free and Clear of
21  Liens and Interests at Pars. 10-28, 38-42, 52-60 and 82-95.

22  [11] Appellee's Counter Designation of Record on Appeal, Docket No. 137, Exh. A to Dec. of
    Sophie Ng in Support of Motion to Sell Clay Property and 21st Ave. Property Free and Clear of
23  Liens and Interests at Pars. 10-28, 38-42, 52-60, and 82-95.

24  [12] Appellee's Counter Designation of Record on Appeal, Docket No. 137, Memorandum of Points
    and Authorities in Support of Motion to Sell Clay Property and 21st Ave. Property Free and Clear
25  of Liens and Interests, p. 7, lines 15-28; p. 8, lines 1-2.

26  [13] Appellee's Counter Designation of Record on Appeal, Docket No. 137, Notice of Motion and
    Motion to Sell Clay Property and 21st Ave. Property Free and Clear of Liens and Interests.

27  [14] Hearing Transcripts Previously Designated By Appellee, Hearing Transcript of August 3, 2007
28  (submitted to Bankruptcy Court on December 18, 2007).

1  articulated the grounds for  granting the  motion, which included a finding that the Trustee's

2  adversary complaint against Ms. Hewlett alleged a "bona fide dispute" concerning the allegations

3  that Ms. Hewlett  had breached of  her fiduciary duties to the Debtor in entering into the alleged

4  pre-petition contracts with the Debtor. [15]   Judge Carlson  entered an order granting the 363(f)

5  motion on August 20, 2007, subject to Ms. Hewlett asserting a claim for money damages based on

6  her proof of claim. [16]   The 363(f) order allowed the Trustee to market and sell the Clay Property.

7  The order also ordered Ms. Hewlett to cooperate  in  the Trustee's efforts to market and sell the

8  Clay Property.  Ms. Hewlett did not cooperate in  the Trustee's efforts to sell the Property. [17]   In

9  spite of Ms. Hewlett's efforts to interfere with and frustrate the Trustee's efforts to sell the Clay

10  Property, the Trustee received multiple offers from   prospective buyers.

11  In September, 2007, the  Trustee entered into a contract to sell the Property to A.J. Batt for

12  $4.68 million (the "Batt Contract"). [18]   A condition of the Batt Contract required that the Trustee

13  remove Ms. Hewlett from the Property because Ms. Hewlett claimed to reside in one of the

14  apartments (unit #3) on the  Clay Property. [19]   Judge Carlson approved the proposed sale to A.J.

15  Batt and allowed the Trustee to file a motion seeking the removal of Ms. Hewlett from the Clay

16  Property in order to satisfy the condition in the Batt Contract. [20]   On September 19, 2007, the

17

18  [15] Hearing Transcripts Previously Designated By Appellee, Hearing Transcript of August 3, 2007 (submitted to Bankruptcy Court on December 18, 2007).

19
20  [16] Appellee's Amended Counter Designation of Record on Appeal, Docket No. 169,  Order Authorizing Trustee to Sell Clay Property and 21st Avenue Property Free and Clear of Liens and Interests (filed in District Court on December 28, 2007).

21
22  [17] Appellee's Counter Designation of Record on Appeal, Docket No. 183, Dec. of Mark Benson Regarding Order to Recover Past-Due Rents, Future Rent Payments, Security Deposits, and an Order Removing Ms. Hewlett From the Property, Pars. 4 -12.

23
24  [18] Appellee's Counter Designation of Record on Appeal, Docket No. 186, Dec. of Janina M. Elder Regarding Patricia Hewlett's Objection to Sale, Pars. 1- 4.

25
26  [19] Appellee's Counter Designation of Record on Appeal, Docket No. 186, Dec. of Janina M. Elder Exh. "1."

27
28  [20] Appellee's Amended Counter Designation of Record on Appeal, Docket No. 197, Order Confirming Sale to Trustee's Buyer Overruling Objection and Authorizing Payment of Real Estate Commission to Trustee's Buyer (filed in District Court on December 28, 2007).

Case No. 07-CV-05883 CRB
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS APPEAL [F.R.C.P. 12(b)(1)]

1   Trustee filed a  motion to remove Ms. Hewlett from the Clay Property. [21]  The Trustee's motion

2   was heard on September 28, 2007. [22]   Ms. Hewlett did not file a written opposition to the

3   Trustee's motion, although her attorney, James Attridge, did appear at the hearing on September

4   28, 2007 to oppose the motion.  At the hearing on September 28, 2007, Judge Carlson granted the

5   motion and ordered Ms. Hewlett removed from the Property, and a written order was entered  that

6   same day,  September 28, 2007 (the "September 28 Order"). [23]

7          After the September 28 Order was entered,  Ms. Hewlett attempted to collaterally attack

8   the September 28 Order in a variety of ways,  however, she did not file a notice of appeal within

9   10-days of entry of the order.   After the hearing on September 28, Ms. Hewlett filed a complaint

10  against the Trustee with the San Francisco Rent Control Board (the "Board") claiming that Ms.

11  Hewlett was a residential tenant in unit #3 and that she had been wrongfully evicted. [24]   The

12  Trustee filed a request for dismissal of the complaint with the Board, on two grounds: (1) Ms.

13  Hewlett's complaint  violated the automatic bankruptcy stay, and (ii) the Bankruptcy Court had

14  exclusive jurisdiction over the Clay Property because it was an asset of the bankruptcy estate. [25]

15  The Board granted the Trustee's request for a dismissal,  and it dismissed the complaint. [26]

---

[21] Appellee's Counter Designation of Record on Appeal, Docket No. 179, Trustee's Memorandum in Support of Order to Recover Past-Due Rents, Future Rent Payments, Security Deposits, and an Order Removing Ms. Hewlett From the Property.

[22]  Hearing Transcripts Previously Designated By Appellee, Hearing Transcript of September 28, 2007 (submitted to Bankruptcy Court on December 18, 2007).

[23] Appellee's Amended Counter Designation of Record on Appeal, Docket No. 193, Order re Turnover of Real Property at 1385 Clay Street, San Francisco, CA (fled in District Court on December 28, 2007).

[24] Appellee's Counter Designation of Record on Appeal, Docket No. 243, Exh. G to Dec. of Jeffrey L. Fillerup in Support of Motion to Amend Order re Turnover of Real Property at 1385 Clay St.

[25] Appellee's Counter Designation of Record on Appeal, Docket No. 243, Exh. H to Dec. of Jeffrey L. Fillerup in Support of Motion to Amend Order re Turnover of Real Property at 1385 Clay St.

[26] Appellee's Counter Designation of Record on Appeal, Docket No. 243, Dec. of Jeffrey L. Fillerup in Support of Motion to Amend Order re Turnover of Real Property at 1385 Clay St., Pars. 8 -11.

Case No. 07-CV-05883 CRB
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS APPEAL [F.R.C.P. 12(b)(1)]

1    Ms. Hewlett  caused her brother (Javier Rivera) to take possession of unit #3 at the Clay

2    Property,  and Mr. Rivera then claimed to be a residential tenant in unit #3.  Mr. Rivera made this

3    claim even though Ms. Hewlett had claimed that she was a residential tenant in unit #3 in her

4    September 28 complaint  to the Board.    The Trustee demanded that Mr. Rivera vacate unit #3,

5    and he refused. [27]   The Trustee was not able to close on the sale of the Clay Property to Mr. Batt

6    while Ms. Hewlett or her brother  continued to occupy unit #3.    Judge Carlson allowed the

7    Trustee to depose Mr. Rivera about his claim to be a residential tenant in unit #3. Mr. Rivera

8    testified that he had never slept in unit #3 until just a few weeks before the deposition, and when

9    he was cross-examined further during the deposition about his claim to have lived in unit #3 for

10   several years, he refused to answer any further questions based upon the Fifth Amendment right

11   against self incrimination. [28] The deposition could not be completed because of Mr. Rivera's

12   repeated assertions of the Fifth Amendment and  his refusal to answer questions about his alleged

13   tenancy at the Clay Property.

14       The Trustee then sought an order shortening time for a motion to remove Mr. Rivera from

15   the Clay Property, which was granted, and Judge Carlson heard the Trustee's motion on

16   November 2, 2007.   Judge Carlson granted the Trustee's motion and entered an order on

17   November 2, 2007 removing Mr. Rivera from the Property that day (the "November 2 Order"). [29]

18   The Trustee was then able to close on the Batt Contract,  and the sale of the Clay Property to Mr.

19   Batt closed on November 16, 2007.  Mr. Rivera has filed a notice of appeal of the November 2

20   Order, but he subsequently dismissed the appeal with prejudice.

21       On or about October 30,  2007, Ms. Hewlett filed a petition for a writ of mandamus in this

22   Court, in a case captioned Patricia Hewlett v. United States Bankruptcy Court, Case No. C07-

23
[27] Appellee's Counter Designation of Record on Appeal, Docket No. 243, Dec. of Jeffrey L.
24   Fillerup in Support of Motion to Amend Order re Turnover of Real Property at 1385 Clay St., Par.
     15.

25
[28] Appellee's Counter Designation of Record on Appeal, Docket No. 243, Dec. of Jeffrey L.
26   Fillerup in Support of Motion to Amend Order re Turnover of Real Property at 1385 Clay St.,
     Pars. 12-15.

27
[29] Appellee's Amended Counter Designation of Record on Appeal, Docket No. 247, Order Re
28   Turnover of Real Property at 1385 Clay Street, San Francisco, CA (Javier Rivera).

Case No. 07-CV-05883 CRB
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS APPEAL [F.R.C.P. 12(b)(1)]

1   05532CRB (the "Mandamus Action"). Ms. Hewlett sought a writ of mandamus ordering the

2   Bankruptcy Court to vacate the September 28 Order on the alleged ground that her lawyer did not

3   have adequate notice of the September 28, 2007 hearing. The Mandamus Action was assigned to

4   Judge Breyer, and he denied the petition on October 31, 2007. [30]

5          Finally, on November 5, 2007, Ms. Hewlett filed a notice of appeal of the September 28

6   Order. This is 38 days after the September 28 Order was entered. The appeal was assigned to

7   Judge Jenkins on November 20, 2007. The Trustee filed an administrative motion to have Ms.

8   Hewlett's appeal related to the previously-filed Mandamus Action. The administrative motion

9   was granted and the appeal was re-assigned to Judge Breyer. Like the Mandamus Action, Ms.

10  Hewlett's appeal also claims that her lawyer did not have adequate notice of the hearing of the

11  Trustee's motion to remove her from the Clay Property on September 28, 2007.

12  **III.    ARGUMENT**

13         **A.    The September 28 Order Was a Final Order Under Rule 8002(a)**

14         The September 28 Order was a final order of the Bankruptcy Court under Bankruptcy Rule

15  8002(a). A Bankruptcy Court order is final if it constitutes a complete adjudication of the issues

16  at bar and evidences the judge's intention that it be final. *In re Wiersma,* 483 F.3d 933, 938 (9th

17  Cir. 2007). In *In re Slimick,* 928 F.2d 304 (9th Cir. 1990), the Ninth Circuit discussed the

18  difference in the "finality" rule between District Court and Bankruptcy Court proceedings. In

19  District Court, the "finality rule" states that an appeal may lie from "a complete act of

20  adjudication [that] ends the litigation on the merits and leaves nothing for the court to do but

21  execute a judgment." 928 F.2d at 307. Whereas in Bankruptcy Court, the time to appeal

22  commences whenever the Bankruptcy Court issues an order or judgment that resolves any of the

23  many interim disputes that arise during the course of a bankruptcy proceeding. *In re Slimick*, 928

24  F.2d 304, 307 (9th Cir. 1990); *Morn v. Strauss*, 1996 U.S.Dist.Lexis 12021 (N.D.Cal.

25  1996)(holding that order rejecting certain executory contracts were appealable orders under Rule

26

---

27  [30] The Trustee requests that the Court take judicial notice of the pleadings filed by Patricia Hewlett
    in Case No. 07-CV-05532 CRB, and the Court's order denying Ms. Hewlett's petition for a writ of

28  mandamus.

Case No. 07-CV-05883 CRB
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS APPEAL [F.R.C.P. 12(b)(1)]

1   8002(a)).  "[A] bankruptcy court order is appealable where it 1) resolves and seriously affects

2   substantive rights and 2) finally determines the discrete issue which it is addressed."   *In re*

3   *Wiersma,*  483 F.3d 933, 939  (9th Cir. 2007)(quoting *In re Frontier Properties, Inc.,*  979 F.2d

4   1358, 1363 (9th Cir. 1992)).

5            In this case, the September 28 Order was a final order of the Bankruptcy Court removing

6   Ms. Hewlett from the Clay Property and turning possession of the property over to the Trustee, in

7   order to allow the Trustee to finalize the sale to Mr. Batt.  This was a final order in the context of

8   this   bankruptcy because it contemplated that once Ms. Hewlett was removed from the Clay

9   Property, the Clay Property would be sold, and she could not recover possession back because the

10  property would be sold to Mr. Batt.

11           The September 28 Order uses language that evinces the Bankruptcy Court's intent that the

12  order was final.  The order states: "2. Effective 12:00 noon September 28, 2007, all possessory,

13  management, ownership, and other interests of Patricia Hewlett in the Property are terminated."

14  It goes on to state: "3.   Effective 12:00 noon September 28, 2007, Trustee shall enjoy all

15  possessory, management, ownership, and other rights in the Property until the sale of the Property

16  closes or until this court orders otherwise."  The September 28 Order finally adjudicated rights

17  claimed by Ms. Hewlett to possession of the property, and made clear that she had no further

18  possessory rights in the  Clay Property.  Ms. Hewlett certainly understood the order as a final

19  adjudication of her rights to possess, manage and receive rents  because that same day (September

20  28), after the Bankruptcy Court hearing, she filed a complaint against the Trustee with the San

21  Francisco Rent Control Board, claiming that she had been wrongfully removed from the Clay

22  Property.

23           In light of the circumstances surrounding Ms. Hewlett's removal from the Clay Property

24  and the clear language in the Bankruptcy Court's order, the  September 28 Order was a final order

25  of the Bankruptcy Court for purposes of Bankruptcy Rule 8002(a).

26       **B.     Ms. Hewlett's Time to Appeal Expired on October 9, 2007**

27           Bankruptcy Rule 8002(a) states that a "notice of appeal [from an order of the Bankruptcy

28  Court] shall be filed within 10 days of the date of entry of the judgment, order, or decree appealed

1  from."   In this case, the Bankruptcy Court entered the September 28 Order immediately after the

2  hearing on September 28, 2007.

3       The 10-day time period begins to run when the order is entered, not when notice is

4  provided.   Bankruptcy Rule 9022 states that  the lack of notice of the entry of an order does not

5  affect the time to appeal or relieve a party for failure to appeal within the time allowed, except as

6  permitted by Rule 8002.    Thus, there is no issue about notice of entry of the order  to Ms. Hewlett

7  for several reasons.      First, Ms. Hewlett's  counsel was present in court on the morning of

8  September 28, 2007 when Judge Carlson granted the Trustee's motion.   Second, even if Ms.

9  Hewlett counsel's were not present in court, the 10-day period does <u>not</u> begin to run based on

10  notice to a party, it begins to run when the order is entered.   *E.g., In re Sweet Transfer & Storage*

11  *Inc.,*   896 F.2d 1189, 1193 (9th Cir. 1990)(the parties must monitor the dockets to inform

12  themselves of the entry of orders they may wish to appeal);  *State of Maryland v. Genuity, Inc.,*

13  2003 U.S.Dist.Lexis 10637 (S.D.N.Y. 2003).

14       Bankruptcy Rule 9006(a) provides the rules for computing time in a bankruptcy case.

15  According to Rule 9006(a), the date of entry of the order appealed from is not counted in the

16  computation of the 10-day time period, but the last day of the period so computed is included,

17  unless it is a Saturday, Sunday or holiday.   *Delafield 246 Corp. v. City of New York,* 2007

18  U.S.Dist.Lexis 85356 (S.D.N.Y. 2007).  Applying Rule 9006(a)'s computation rules, Ms.

19  Hewlett's last day for filing a notice of appeal of the September 28 Order was Tuesday, October 9,

20  2007.   Ms. Heweltt did not file her notice of appeal until November 5, 2007.  Ms. Hewlett's

21  notice of appeal was untimely by 27 days.

22   **C.    The Untimely Filing of the Notice of Appeal is Jurisdictional and Means that**
         **this Court Lacks Subject Matter over the Appeal**
23

24       The timeliness of a notice of appeal  from a Bankruptcy Court order is a question of law.

25  *Saunders v. Band Plus Mortgage Corp.*, 31 F.3d 767 (9th Cir. 1994).  The 10-day period for filing

26  a notice of appeal is also strictly construed, *e.g., Delaney v. Alexander*, 29 F.3d 516, 518 (9th Cir.

27  1994),  and it is mandatory, *e.g., Warrick v. Birdsell*,  278 B.R. 182, 185 (9th BAP 2002);  *In re*

28  *Rebel Rents*,  326 B.R. 791, 797 (Bankr. C.D. Cal. 2005).   The time-to-appeal provisions in Rule

Case No. 07-CV-05883 CRB
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS APPEAL [F.R.C.P. 12(b)(1)]

1   8002(a) are jurisdictional, meaning that the untimely filing of a notice of appeal deprives the

2   appellate court of jurisdiction to review the Bankruptcy Court's order. *E.g., Saunders v. Band*

3   *Plus Mortgage Corp.*,    31 F.3d 767 (9th Cir. 1994);  *In re Rebel Rents*,  326 B.R. 791, 797

4   (Bankr. C.D. Cal. 2005); *Morn v. Strauss*, 1996 U.S.Dist.Lexis 12021 (N.D. Cal. 1996).     In

5   *Saunders,* the Ninth Circuit held that the District Court had properly dismissed the appellant's

6   appeal as untimely because the notice of appeal was filed 12 days after the Bankruptcy Court's

7   order was entered.

8          While Rule 8002(c)(2) does allow a party to ask the Bankruptcy Court to extend the time

9   in which to file a notice of appeal during the 20-day period after the time to appeal expired,    in

10  this case Ms. Hewlett never filed the motion with the Bankruptcy Court. Instead, Ms. Hewlett tried

11  various other ways to attack the Bankruptcy Court's September 28 Order.

12          Even if Ms. Hewlett had taken advantage of the provisions of Rule 8002(c)(2), she would

13  have had the burden of proving that the failure to file a timely notice of appeal within 10-days was

14  the result of "excusable neglect".    Ms. Hewlett could not have satisfied her burden of proving

15  "excusable neglect"   under Rule 8002(c)(2).  The "excusable neglect" standard requires that the

16  court examine all relevant factors, including prejudice to the Trustee, the impact of delay on the

17  pending bankruptcy proceeding, the reasons for the delay, and whether Ms. Hewlett acted in good

18  faith.  *In re Rebel Rents*,  326 B.R. 791, 799 (Bankr. C.D. Cal. 2005).

19          Ms. Hewlett could not have established "excusable neglect" because the Trustee was under

20  time pressure to have Ms. Hewlett removed from the Clay Property in order to satisfy a condition

21  in the Batt Contract and the sale could not have closed while Ms. Hewlett continued to occupy

22  unit #3.   If the Trustee was not able to remove Ms. Hewlett from the Clay Property, then the

23  estate risked losing the sale to Mr. Batt, and it risked having to undertake the process of marketing

24  and selling the Clay Property again, possibly at a lower price.  Second, Ms. Hewlett was aware of

25  the September 28 Order on the day the order was entered because she immediately filed an

26  complaint with the San Francisco Rent Control Board.    This complaint was a violation of the

27  automatic stay, which is another fact that would prevent Ms. Hewlett from proving excusable

28  neglect. The immediate filing of the complaint with the Rent Control Board shows that Ms.

1   Hewlett knew on (September 28) that the order was in effect, that it removed her from the Clay

2   Property, and that she would be permanently removed form the Clay Property unless the

3   September Order was reversed.  She simply chose the wrong way to attack  the September 28

4   Order.   In the *Rebel Rents* case, the Court found that the 10-day period to appeal in Rule 8002(a)

5   is "crystal clear" and that an attorney's failure to read and comprehend the rule is not "excusable

6   neglect".

7   **IV.    <u>CONCLUSION</u>**

8   Because Ms. Hewlett's notice of appeal was filed 38 days after the entry of the September

9   28 Order,  her appeal is untimely and this Court lacks subject matter jurisdiction to hear the merits

10  of the appeal.   The  Trustee's motion to dismiss pursuant to Federal Rule of Civil Procedure

11  12(b)(1) should be granted in light of the untimely filing of the notice of appeal.

12  DATED: December 28, 2007          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

13

14                                            By: _____

15                                                Jeffrey L. Fillerup
                                                  Attorneys for Appellee JANINA M. ELDER,
16                                                Chapter 11 Trustee

17  301025852.1

18

19

20

21

22

23

24

25

26

27

28