1  JAMES ATTRIDGE [SBN NO. 124003]
   Business Trial Lawyer
2  The Fox Plaza, Suite 1204
   1390 Market Street
3  San Francisco, CA  94102
   Telephone:    (415) 552-3088
4
   Attorney for Petitioner
5  PATRICIA HEWLETT

6

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11 PATRICIA ISABELLE HEWLETT,           Case No: 07-CV-05883 CRB

12              Appellant,
                                        OPPOSITION TO MOTION TO DISMISS
13      v.                              APPEAL

14 JANINA ELDER, Trustee,               Date:      February 1, 2008
                                        Time:      10:00 a.m.
15              Appellee.               Place:     450 Golden Gate Ave.
                                                   Courtroom 8, Floor 19
16                                                 San Francisco, CA

17

18      The trustee's motion is predicated entirely upon the contention that the Notice of Appeal

19 filed November 5, 2007 was untimely because it appeals an order entered on September 28,

20 2007. It isn't because it didn't. On November 5, 2007, Ms. Hewlett appealed an <u>amended</u> order

21 issued by the bankruptcy court on November 2, 2007. (T247). Trustee offers no legal authority

22 to negate the commonsense conclusion that the issuance of an amended order on November 2,

23 2007 restarted the clock. Even if the clock did not restart, Ms. Hewlett was still entitled to join

24 the appeal filed by her brother, Javier Rivera, minutes before on November 5, 2007. Though she

25 has not included that notice of appeal in the record, the trustee acknowledges its existence on

26 page 6, line 19, of her memorandum.

27      The trustee provides a six-page recitation of facts which is not germane, highly

28 editorialized, and quite obviously designed to precondition the court. Buried on page 6, line 17,

1  of her memorandum, she mischaracterizes the November 2, 2007 Order merely as an order
2  "removing Mr. Rivera from the property." That order applies to Ms. Hewlett as well.
3      A precise recitation of the facts follows. The trustee entered a contract to sell 1385 Clay
4  Street to A.J. Batt which contained contingencies requiring the buildling to be sold with six of its
5  twenty four units vacant, including unit 3. Unit 3 was occupied by Patricia Hewlett and her
6  brother, a subtenant. Ms. Hewlett primarily used it as a den from which she ran her business and
7  as the resident manager's office. Mr. Rivera, a single man, who primarily resides with his
8  parents assisted as resident manager and used the unit as a crash pad for his nights on the town.
9      On September 28, 2007, Judge Carlson granted an order instructing Patricia Hewlett to
10 turn over unit 3 to the trustee. The court's power to make such an order is subject to legal attack
11 in this appeal. As long as Mr. Rivera had a tenancy interest that order had no practical effect,
12 and the sale of the property had not yet been concluded.
13     On November 2, 2007, the court heard a motion on shortened time to amend and re-issue
14 the September 28, 2007 order. That order effectively ended the sublease, affecting Hewlett as
15 sublessor as well as Mr. Rivera as sublessee. Three days later, both filed an appeal, Mr. Rivera
16 taking first place in line.
17     As noted above, the trustee has not made any compelling argument why Ms. Hewlett's
18 right to appeal the amended order was extinguished by dint of the existence of an earlier version.
19 One can only image the mischief that would obtain if amended orders are deemed unappealable.
20     The trustee does not and cannot argue that Mr. Rivera's appeal was timely or that Ms.
21 Hewlett had standing to join the party once he had filed it.
22     The motion should be denied.

                        Respectfully submitted

DATED: January 11, 2008       JAMES ATTRIDGE

                        By: _____/s/ James Attridge_____
                             JAMES ATTRIDGE
                             Attorney for Defendant
                             PATRICIA HEWLETT