1   Michael A. Isaacs, State Bar No. 99782
2   Jeffrey L. Fillerup, State Bar No. 120543
    Nhung Le, State Bar No. 209552
3   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
    Rincon Center II, 121 Spear Street, Suite 200
4   San Francisco, California 94105-1582
    Telephone No.: 415.356.4600
5   Fax No.: 415.356.4610
    E-Mail:    misaacs@luce.com
6              jfillerup@luce.com
7              nle@luce.com

8   Attorneys for Appellee JANINA M. ELDER,
    Chapter 11 Trustee
9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13                                          Case No.  07-CV-05883 CRB

14  PATRICIA ISABELLE HEWLETT,
                                            **REPLY TO OPPOSITION TO MOTION
15          Appellant,                      TO DISMISS APPEAL [F.R.C.P. 12(b)(1)]**

16  v.                                      Date:   February 1, 2008
                                            Time:   10:00 a.m.
17  JANINA M. ELDER, Trustee,               Place:  450 Golden Gate Ave.
                                                    Courtroom 8, Floor 19
18          Appellee.                               San Francisco, CA

19

20

21

22

23

24

25

26

27

28

Appellee Janina M. Elder, Chapter 11 Trustee (the "Trustee") hereby submits this reply to the Opposition to Motion to Dismiss Appeal filed by Appellant Patricia Hewlett ("Ms. Hewlett"):

## I.    SUMMARY OF THE TRUSTEE'S REPLY

Ms. Hewlett attempts to use the November 2 Order to permit her to make an untimely appeal of the September 28 Order.  She effectively has admitted that her appeal of the September 28 Order is untimely unless she can somehow use the November 2 Order to cure this defect. However, the November 2 Order did not "restart" a new appeal period for Ms. Hewlett because it did not alter or revise the legal rights and obligations of Ms. Hewlett under the September 28 Order.

Ms. Hewlett also has no standing to appeal the November 2 Order which was addressed to her brother, Javier Rivera, not her.   The November 2 Order did not alter or revise the legal rights and obligations of Ms. Hewlett under the September 28 Order.  The only order Ms. Hewlett could have appealed is the September 28 Order.   Mr. Rivera is the only person who has standing to appeal the November 2 Order, and he has dismissed his appeal with prejudice.

Ms. Hewlett's opposition offers no legal authority or facts that would support that her appeal of the September 28 Order is timely or that she has standing to appeal the November 2 Order.  Based on the facts, the record and legal authority, Ms. Hewlett's appeal must be dismissed as untimely.  Ms. Hewlett cannot use the November 2 Order to establish a new appeal period and has no right to bootstrap Mr. Rivera's appeal which has been dismissed.   The Trustee's motion to dismiss this appeal should be granted.

## II.    MS. HEWLETT DOES NOT DISPUTE THAT AN APPEAL OF THE SEPTEMBER ORDER IS UNTIMELY.

The Trustee's motion clearly establishes that Ms. Hewlett's appeal of the September 28 Order is untimely.  Ms. Hewlett does not dispute this in her opposition.   Instead, she attempts to argue that the November 2 Order amended the September 28 Order and therefore, the appeal period was made within the 10-day appeal period.  Ms. Hewlett admits that if her appeal is an appeal from the September 28 Order, it would be untimely under Bankruptcy Rule 8002(a).

III.   **THE NOVEMBER 2 ORDER DID NOT START A NEW TEN-DAY APPEAL PERIOD FOR MS. HEWLETT**

A.   **Subsequent orders do not automatically create a new 10-day appeal period.**

Ms. Hewlett contends that this appeal is an appeal of the November 2 Order.  She then argues that the November 2 Order restarted the appeal period for the September 28 Order.  This is an obvious attempt by Ms. Hewlett to get around her failure to timely appeal the September 28 Order.  Unfortunately, case law does not support Ms. Hewlett's contention that the November 2 Order "restarted" the appeal period for the September 28 Order.

An order entered subsequent to a final judgment or order will not automatically "restart" the appeal period of the final judgment or order.  See *In re BRAC Group, Inc.,* 2006 U.S. Dist. LEXIS 57022 (D. Del.  March 9, 2006), aff'd 2006 U.S. App. LEXIS 32479 (3rd Cir. September 11, 2006); *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 73 S.Ct 245, 97 L.Ed. 245, 49 F.T.C. 1695 (1952).   The Supreme Court has squarely addressed this issue and established a test to determine when parties should be allowed to appeal an order entered subsequent to a final judgment/order:

> The mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought.  Only when the lower court changes matters of substance or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or petition for certiorari filed begin to run anew.  The test is a practical one.  The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which by, its prior judgment, had been plainly and property settled with finality.

*Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-212, 73 S.Ct 245, 97 L.Ed. 245, 49 F.T.C. 1695 (1952).   To restart the clock for Ms. Hewlett to appeal the September 28 Order, the November 2 Order must have "disturbed or revised legal rights and obligations" of Ms. Hewlett under the September 28 Order.

B.   **The November 2 Order did not disturb or revise the legal rights and obligations of Ms. Hewlett.**

As set forth in the Trustee's memorandum in support of her motion to dismiss, after the September 28 Order was entered, the Trustee learned that Ms. Hewlett's brother, Mr. Rivera, also

allegedly occupied the Clay Property.  The November 2 Order did not amend the September 28 Order as to Ms. Hewlett.  It is a new order directed at Mr. Rivera.  The November 2 Order stated that, "[i]n addition to the September 28, 2007 order relating to Patricia Hewlett," the bankruptcy court further ordered Mr. Rivera to vacate the Clay Property.[1]  The November 2 Order did not alter, modify, amend or clarify the contents of the prior September 28 Order.  The November 2 Order certainly did not further alter the rights and obligations of Ms. Hewlett under the September 28 Order.  At the time the November 2 Order was entered, Ms. Hewlett's rights as to the Clay Property had already been adjudicated with finality by the September 28 Order.  Ms. Hewlett's rights with respect to the Clay Property had already been terminated.  The November 2 Order did not address any of the contents of the September 28 Order with respect to Ms. Hewlett.  Because the November 2 Order did not disturb or revise legal rights of the prior September 28 Order, it did not create a new appeal period for Ms. Hewlett.

## IV.    MS. HEWLETT DOES NOT HAVE STANDING TO APPEAL THE NOVEMBER 2 ORDER.

Ms. Hewlett does not have standing to appeal the November 2 Order because the November 2 Order did not alter, revise or modify any of her rights and obligations.  In bankruptcy cases, a party must be directly and adversely affected pecuniarily to have standing to bring an appeal.  *Fondiller v. Robertson (In the Matter of Fondiller)*, 707 F.2d 441 (9th Cir. 1983).  "[C]ourts have created an additional prudential standing requirement in bankruptcy cases:  The appellant must be a "person aggrieved" by the bankruptcy court's order."  *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999), citing *Brady v. Andrew (In re Commercial W. Fin. Corp.)*, 761 F.2d 1329, 1334 (9th Cir. 1985) ("We have adopted the 'person aggrieved' test as the appropriate standard for determining standing to appeal under the Code.")  "An appellant is aggrieved if "directly and adversely affected pecuniarily by an order of the bankruptcy court"; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights."  *Id.*, citing *Fondiller v. Robertson,* 707 at 442.

[1]  Appellee's Amended Counter Designation of Record on Appeal, Docket No. 247, Order Re Turnover of Real Property at 1385 Clay Street, San Francisco, CA (Javier Rivera), Pg. 1, Line 25.

The November 2 Order did not adjudicate or affect Ms. Hewlett's rights. Ms. Hewlett's rights with respect to the Clay Property had already been adjudicated with finality by the September 28 Order. The September 28 Order directed her to, among other things, surrender possession of the Clay Property. The November 2 Order had nothing to do with Ms. Hewlett and was directed solely at Mr. Rivera. Ms. Hewlett does not demonstrate how the November 2 Order affected her rights to the Clay Property. She cannot show that her rights were detrimentally affected by the November 2 Order because, by the time the November 2 Order was entered, Ms. Hewlett's rights to and possession of the Clay Property had already been terminated by the September 28 Order. The only person "directly and adversely affected" by the November 2 Order was Ms. Rivera.

Further, Ms. Hewlett's failure to appear for the November 2, 2007, hearing at which time the November 2 Order was entered and failure to file an opposition to the motion filed by the Trustee to obtain the November 2 Order bar her from asserting standing to appeal the November 2 Order.[2] Ms. Hewlett's counsel had notice of the hearing but failed to attend.[3] This Court has held that a party that failed to attend a hearing of which it had notice and failed to file an objection did not have standing to bring an appeal. *Lynch and Wood v. California Public Utilities Commission, et al.*, 311 B.R. 798 (N.D. Cal. 2004). Ms. Hewlett did not oppose the Trustee's request to enter a subsequent order affecting Mr. Rivera's rights as to the Clay Property and did not appear at the hearing despite receiving notice. She has no standing to now complain of the entry of the November 2 Order.

Ms. Hewlett has no standing to assert the rights of Mr. Rivera or challenge the November 2 Order. Mr. Rivera is the only party with standing to appeal the November 2 Order, and he has already dismissed his appeal with prejudice.

---

[2] Appellee's Counter-Designation of Record on Appeal, November 2, 2007 Transcript of Hearing on Motion to Amend Order re Turnover of Real Property.

[3] Appellee's Counter-Designation of Record on Appeal, Docket No. 240, Certificate of Service (re: Ex Parte Application for an Order Shortening Time for Hearing of Trustee's Motion to Amend Order Re: Turnover of Real Property at 1385 Clay Street, San Francisco, California).

1  **V.    CONCLUSION**

2         Ms. Hewlett failed to timely appeal the order which affected and adjudicated her rights

3  with respect to the Clay Property.  She cannot use a subsequent order that did not affect any of her

4  rights to cure an untimely appeal.   The Court should dismiss this appeal as untimely pursuant to

5  Federal Rule of Civil Procedure  12(b)(1).

6  DATED: January 18, 2008              LUCE, FORWARD, HAMILTON & SCRIPPS LLP

7

8                                       By:  _____
                                            Nhung Le,
9                                           Attorneys for Appellee JANINA M. ELDER,
                                            Chapter 11 Trustee
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                      Case No. 07-CV-05883 CRB
                                                      REPLY TO OPPOSITION TO MOTION TO
                                                      DISMISS APPEAL [F.R.C.P. 12(b)(1)]