**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOPHIA NG,

    Debtor

_____/

PATRICIA HEWLETT,

    Appellant,

  v.

JANINA ELDER,

    Appellee.

_____/

No. C 07-05883 CRB

Bankruptcy No. 06-30904 TEC

**ORDER RE: MOTION TO DISMISS**

Appellant Patricia Hewlett appeals from the bankruptcy court's order of turnover of real property entered by the court on September 28, 2007 and amended on November 2, 2007. Now pending before the Court for decision is the motion of appellee Janina Elder, the bankruptcy trustee, to dismiss the appeal as untimely.

### PROCEDURAL HISTORY

On September 30, 2006, the debtor Sophia Ng filed a chapter 11 bankruptcy. At the time the bankruptcy was filed Ng owned real property, including an apartment building located at 1385 Clay Street. In January 2007, appellant Patricia Hewlett filed a proof of claim in the Ng bankruptcy claiming various interests in 1385 Clay Street based on pre-bankruptcy petition contracts. These interests included the right to occupy one of the units, manage and operate the building, and purchase the building at a particular price. The Trustee

subsequently filed an adversary proceeding against Hewlett challenging her claimed interests in 1385 Clay Street and objected to Hewlett's proof of claim.

The Trustee moved to sell 1385 Clay free and clear of any liens and interests, including Hewlett's claimed interests so that the property could be sold. By Order filed September 28, 2007, the bankruptcy court granted the motion and, among other things, enjoined Hewlett from going onto any part of 1385 Clay Street.

Hewlett responded by filing a complaint with the San Francisco Rent Control Board. The Trustee successfully moved to dismiss the complaint on the ground that it was filed in violation of the bankruptcy automatic stay and that the 1385 Clay is an asset of the bankrupty estate and therefore under the exclusive jurisdiction of the bankruptcy court.

On October 30, 2007, Hewlett filed a petition for writ of mandamus in this Court, case number C 07-5532 CRB, seeking to vacate the bankruptcy court's September 28, 2007 Order. This Court denied the petition by Order filed October 31, 2007.

By Order filed November 2, 2007, the bankruptcy court issued an order amending the September 28, 2007 turnover order. The Order reads:

> In addition to the September 28, 2007 order relating to Patricia Hewlett, as of November 2, 2007 at 5:00 p.m., Patricia Hewlett's brother, Javier Rivera, shall vacate [1385 Clay St.] and Mr. Rivera is hereby enjoined from going into any part of the Property, except as expressly authorized by an order of this court or upon written express consent of Trustee. Mr. Rivera is also ordered to deliver to the office of the trustee's counsel (Jeffrey Fillerup at 121 Spear St., Suite 200, San Francisco, California, 94105) any and all keys to any doors or locks at [1385 Clay], including but not limited to keys to unit #3, the entrances to the building, and any other unit in the building, by 5:00 p.m. on November 2, 2007.

No other relief is provided in the Order.

Hewlett filed this appeal on November 5, 2007. Her brother, Javier Rivera, also filed an appeal. He subsequently dismissed his appeal with prejudice. Appellee moves to dismiss Hewlett's appeal on the ground that it is untimely.

## DISCUSSION

A party must file a notice of appeal of a bankruptcy order, judgment or decree within 10 days of the filing of the challenged order. Bankruptcy Rule 8002(a). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives

1 the appellate court of jurisdiction to review the bankruptcy court's order." In re Mouradick,
2 13 F.3d 326, 327 (9th Cir. 1994).  Appellee moves to dismiss the appeal on the ground that
3 the bankruptcy court issued its turnover order as to Hewlett on September 28, 2007–much
4 more than 10 days before Hewlett filed her Notice of Appeal.  Accordingly, the appeal must
5 be dismissed.  See Saunders v. Band Plus Mortgage Corp., 31 F.3d 767 (9th Cir. 1994)
6 (dismissing as untimely appeal filed 12 days after entry of bankruptcy court order appealed
7 from).

8     Hewlett does not dispute that her appeal is untimely as to the September 28, 2007
9 Order; instead, she contends that her appeal is timely because the bankruptcy court amended
10 the September 28 Order on November 2, 2007--only three days before she filed her appeal.
11 Appellee responds that the November 2, 2007 Order had nothing to do with any rights or
12 interests of Hewlett; instead, the Order is limited to her brother's alleged interests in 1385
13 Clay.  She notes that in Federal Trade Commission v. Minneapolis-Honey Regulator Co.,
14 344 U.S. 206 (1952),  the Supreme Court explained that "[t]he question is whether the lower
15 court, in its second order, has disturbed or revised legal rights and obligations which by, its
16 prior judgment, had been plainly and properly settled with finality."  Id. at 211-12.

17     Appellee ignores that the Ninth Circuit has held that the rule that an amended
18 judgment that revises legal rights or obligations begins the period for filing an appeal anew
19 applies even where the "appeal concerns a different matter from that revised by the district
20 court."  United States v. Doe, 374 F.3d 851, 854 (9th Cir. 2004).  Thus, the fact that
21 Hewlett's appeal "concerns a different matter" from the November 2, 2007 amended order is
22 not dispositive.  Appellee has not cited any case that addresses this issue.

23     Accordingly, the parties should be prepared to address this issue at the hearing on
24 February 1, 2008.  If any party wishes to file a supplemental memorandum, such
25 //
26 //
27 //
28 //

3

memorandum shall not exceed three pages and shall be filed on or before noon on Wednesday, January 30, 2008.

**IT IS SO ORDERED.**

Dated: January 24, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE