Michael A. Isaacs, State Bar No. 99782
Jeffrey L. Fillerup, State Bar No. 120543
Nhung Le, State Bar No. 209552
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-Mail:   misaacs@luce.com
          jfillerup@luce.com
          nle@luce.com

Attorneys for Appellee JANINA M. ELDER,
Chapter 11 Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICIA ISABELLE HEWLETT,<br><br>    Appellant,<br><br>v.<br><br>JANINA M. ELDER, Trustee,<br><br>    Appellee. | Case No.  07-CV-05883 CRB<br><br>(Bankruptcy Case No.  06-30904TEC)<br><br>**APPELLEE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS [F.R.C.P. 12(b)(1)]**<br><br>Date:  February 1, 2008<br>Time:  10:00 a.m.<br>Place:  450 Golden Gate Ave.<br>         Courtroom 8, Floor 19<br>         San Francisco, CA |

Appellee Janina M. Elder, Chapter 11 Trustee (the "Trustee") hereby submits this Supplemental Memorandum in Support of Motion to Dismiss [F.R.C.P. 12(b)(1)], as follows:

I. **SUMMARY OF THE TRUSTEE'S SUPPLEMENTAL MEMORANDUM**

The Court's January 24, 2008 order invited the parties to address an issue raised by the Trustee's Rule 12(b)(1) Motion to Dismiss, namely, whether *United States v. Doe*, 374 F. 3d 851 (9th Cir. 2004), supports the Trustee's position that the Appellant's notice of appeal was untimely under Federal Bankruptcy Rule 8002(a).  This is the Trustee's response to the Court's invitation.

In the context of the "finality" rule in a federal district court case, the Supreme Court and Ninth Circuit cases are in agreement that a later-entered judgment can begin the time period for the filing of a notice of appeal anew but only if the facts establish that there has been a material change in the order between the parties by virtue of the entry of the new order.  Applying the rule in this case, the November 2 Order would not start the 10-day time period for the Appellant to appeal because the November 2 Order did not change the legal rights between the Appellant and the Trustee.  The November 2 Order affected the legal rights between the Trustee and Javier Rivera.

Because the "finality" rule is applied differently in bankruptcy proceedings, the above rule must be applied in this case after taking into account the policy bases for the different "finality" rule.  In this case, in light of the many parties and potential parties who could assert claims and objections relating to the Trustee's sale of the Clay Property, some later-entered order affecting some other party, other than the Appellant, should not begin anew the 10-day period for the Appellant to appeal.

II. **THE "FINALITY" RULE IS DIFFERENT IN A BANKRUPTCY "CASE"**

In a district court case, an order is "final", for the purpose of triggering the time period for filing a notice of appeal, when "a complete act of adjudication 'ends the litigation on the merits and leaves nothing on for the court to do but execute the judgment.'" *Morn v. Strauss,* 1996 U.S.Dist.Lexis 12021 (N.D. Cal. 1996)(quoting *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990)).  As a general rule, when an order is entered in a district court case and there is nothing left for the district court to decide, the order is "final" for appellate purposes.

On the other hand, in a bankruptcy "case", a bankruptcy court order is "final", for appeal

purposes, in situations where the order would clearly be interlocutory under the "finality" rule in district court. The "finality" rule in bankruptcy court contemplates that there will be on-going proceedings in the bankruptcy court after the "final" order has been entered. In bankruptcy court, an order is final if it constitutes a complete adjudication of the issues at bar and evidences the judge's intention that it be final. *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007). "[A] bankruptcy court order is appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue which it is addressed." *Id.*, 483 F.3d at 939 (9th Cir. 2007)(quoting *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1363 (9th Cir. 1992)).

The differing "finality" rules are a result of the different roles played by district court judges and bankruptcy judges, and the different objectives and circumstances of district court litigation versus bankruptcy proceedings. In district court, the claims between a plaintiff and defendant are discretely defined by allegations in a complaint. The district court is charged with overseeing the resolution of these discrete claims between discrete parties.

On the other hand, a bankruptcy judge presides over a "bankruptcy estate" that comprises various and ever-changing parties (debtors, creditors, trustees, and claimants) and claims (creditor claims, affirmative federal statutory and common law claims, and state statutory and common law claims). A single bankruptcy proceeding may involve hundreds of different parties, various properties that are part of the bankruptcy estate, and numerous independent adversary and claim objection proceedings. The issues are not distinct, they are diverse and constantly changing. A district judge's job is concluded when there is a judgment between the plaintiff and defendant. A bankruptcy judge's job is not concluded until the rights and interests of the debtor, creditors, claimants, and others have been resolved or adjudicated, all of the assets and liabilities of the bankruptcy estate have been accounted for, all money distributed to creditors under the Bankruptcy Code, and a final decree is entered closing the entire bankruptcy estate. Unlike a district court case, when a bankruptcy judge enters the final decree closing the case, the appeal process is completed—it is not starting.

If the "finality" rule applied to district courts were applied in a bankruptcy, each party in each proceeding would be forced to sit by and wait for other parties' claims to be resolved and the bankruptcy case concluded before seeking relief on appeal. Such a result would make no sense

because when a bankruptcy "case" is over, all money has been distributed and, in most instances, there is nothing left to fight over. So, in bankruptcy court, each order that resolves an issue between or involving a party in the proceeding is considered "final", and there is a short window of time (10 days) to appeal that order. This short window of time to appeal, allows the bankruptcy court to issue orders, get finality, address other issues, and finally close the bankruptcy proceeding.

The bankruptcy "finality" rule is intended to benefit the various parties and interests in the bankruptcy by allowing the court to move the bankruptcy along and achieve finality efficiently and quickly. In the context of the Sophie Ng bankruptcy, the "finality" rule is a benefit to the parties, including the Appellant. Once the Bankruptcy Court issued the September 28 order ordering the Appellant removed from the Clay Street Property and turning over the property to the Trustee, the "finality" rule allowed the Appellant to appeal. The Appellant was not required to wait until the conclusion of the bankruptcy. The September 28 Order was issued and served on a Friday. The Appellant could have filed her notice of appeal on the following Monday and sought judicial review of the Bankruptcy Court's decision. While the Appellant did take other action to contest the September 28 Order, such as filing a complaint with the City of San Francisco Rent Control Board, she failed to take advantage of the benefit of the bankruptcy "finality" rule.

In this case, the September 28 Order was a final order between the Appellant and the Trustee because it finally adjudicated the issue of Appellant's alleged right to possess the property, manage the property, receive rents from tenants, and live on the property. This was a final order between the Trustee and the Appellant in the context of the bankruptcy. No subsequent orders changed the rights between the Trustee and the Appellant that were decided in the September 28 Order. Furthermore, the language of the order evinces the Bankruptcy Court's intent that the order was final between the Trustee and the Appellant. The order states: "2. Effective 12:00 noon September 28, 2007, all possessory, management, ownership, and other interests of Patricia Hewlett in the Property are terminated."

Because the September 28 Order finally adjudicated rights between the Trustee and the Appellant relating to the possession and right to receive rents relating to the Clay Street Property, and because the order evinces its finality, the order started the 10-day time period to appeal under Rule

8002(a).

## III. VIEWED IN THE CONTEXT OF THE BANKRUPTCY COURT'S "FINALITY" RULE, *FTC V. MINNEAPOLIS* AND *US. V. DOE* SUPPORT THE TRUSTEE'S POSITION

In her reply brief, the Trustee cited a Supreme Court case, *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.,* 344 U.S. 206 (1952), for the proposition that a subsequent order, following a final judgment, will not change the time period for filing a notice of appeal unless "the second order…has disturbed or revised legal rights and obligations which by, its prior judgment, had been plainly and property settled with finality." In its January 24 order, this Court cited the Ninth Circuit's decision in *United States v. Doe,* 374 F.3d 851 (9th Cir. 2004), which followed the *FTC v. Minneapolis* test in holding that a revised judgment started anew the time period to file a notice of appeal.

The Trustee does not dispute the test articulated in *FTC v. Minneapolis* and followed in *United States v. Doe.* However, in this case, the *FTC v. Minneapolis* test must be viewed in the context of the bankruptcy "finality" rule and in the context of the Bankruptcy Court's September 28 Order, not in the context of a district court "finality" rule. In the context of the September 28 Order and the bankruptcy "finality" rule, both cases support the conclusion that the November 2 Order did not start a new 10-day time period for the Appellant to appeal the September 28 Order.

In *FTC v. Minneapolis,* the FTC filed a civil enforcement action containing three counts. The defendant appealed a cease and desist order on all three counts to the Seventh Circuit Court of Appeals. The defendant abandoned its appeal of counts I and II while the appeal was pending and the Seventh Circuit ultimately reversed on count III, in favor of the defendant. After the Seventh Circuit's order (on July 5) reversing on count III, the FTC filed a brief confirming that the abandoned counts I and II were affirmed. The Seventh Circuit then issued a "Final Decree" on September 18 which reversed count III and confirmed that counts I and II were affirmed. The Supreme Court held that the time to appeal began to run from July 5 because the "Final Decree" did not change materially the ruling between the parties. The Seventh Circuit's reference to the September 18 order as the "Final Decree" was not relevant or determinative because the July 5 order had put to rest "the

1  questions which the parties had litigated in the Court of Appeals." The Supreme Court concluded its
2  opinion by saying: "[W]e do mean to encourage applicants to this Court to take heed of another
3  principle—the principle that litigation must at some definite point be brought to an end. It is a
4  principle reflected in the statutes which limit our appellate jurisdiction to those cases where review is
5  sought with a prescribed period. Those statutes are not to be applied so as to permit a tolling of their
6  time limitations because some event occurred in the lower court after judgment was rendered which is
7  of no import to the matter to be dealt with on review." 344 U.S. at 213.

8  Thus, in *FTC v. Minneapolis*, the second order did not begin a new time to appeal because
9  there was no significant change in the order as between the FTC and the defendant.

10  The Ninth Circuit cited *FTC v. Minneapolis* in a criminal case in 1991: *United States v.*
11  *Antonie,* 953 F.2d 496 (9th Cir. 1991). The defendant was convicted of illegally possessing a firearm
12  as a felon under 18 U.S.C. Section 922(g)(1). The court sentenced the defendant, but the sentence
13  failed to state whether the sentence would run consecutively with a state sentence. The court later
14  amended the judgment to provide that the state and federal sentences would run concurrently. The
15  amended judgment was material because under 18 U.S.C. Section 3584(a) multiple terms of
16  imprisonment imposed at different times run consecutively unless the court orders that the terms are to
17  run concurrently. The government appealed the amended sentence and the defendant claimed the
18  notice of appeal was untimely. The Ninth Circuit held the appeal was timely based on the *FTC v.*
19  *Minneapolis* test.

20  Thus, in *Antonie* the second order was found to trigger the time to appeal because it changed
21  the ruling as between the parties—the government and the defendant. The Ninth Circuit also said that
22  it did not matter that the appeal related to an issue unrelated to the material change in the original
23  order.

24  In 2004, the Ninth Circuit cited *FTC v. Minneapolis* in another criminal case, *United States v.*
25  *Doe,* 374 F.3d 851 (9th Cir. 2004). The defendant pled guilty in three consolidated criminal cases to
26  securities fraud, money laundering, and wire fraud. The district court sentenced the defendant to
27  concurrent 30-month sentences in the three cases and ordered restitution in each case. The defendant
28  appealed both the sentence and the restitution orders. Months later, with the consent of the

government, the district court entered an amended judgment that reduced the sentence from 30-months to 8-months, but did not change the restitutionary portion of the original sentence. The defendant then appealed the amended judgment. The government made a technical argument that the appeal was not timely. The Ninth Circuit relied on *FTC v. Minneapolis* and *Antonie* in finding that the amended judgment "revised legal rights and obligations in changing Doe's sentence", and holding that the appeal was timely filed.

Thus, in *United States v. Doe,* the Ninth Circuit found that the second order began the time period for filing a notice of appeal because it changed materially the legal rights between the parties—the government and the defendant.

In each of these cases, the holding depended on an analysis of the extent of the change, if any, that the second order had on the parties. If the prior order finally settled the rights and obligations of the parties, then the second order did not commence a new time period to appeal.

In applying these cases to the facts here, the November 2 Order did not commence a new time period for the Appellant to file a notice of appeal because the November 2 Order changed nothing between the parties to the September 28 Order (Trustee and the Appellant). Rather, the November 2 Order related to legal rights between the Trustee and Javier Rivera.

When the principle articulated in *FTC v. Minneapolis* is superimposed in a case subject to the bankruptcy "finality" rule, it is clear that the November 2 Order did not start a new time period for the Appellant to appeal. After the September 28 order was entered, there were a host of parties and potential parties who could have sought relief from the Bankruptcy Court relating to the Clay Property. There were creditors, both secured and unsecured creditors. There were potential other buyers of the Clay Property, that is, the bidders who had bid on the Clay Property and lost to the eventual successful buyer. There were tenants in the building. There were parties with liens on the Clay Property. There was the United States Trustee. The filing of a claim or motion by any of these parties would not and should not affect the final order entered by the Bankruptcy Court on September 28 removing the Appellant from the Clay Property. In the context of a bankruptcy proceeding, given the various parties that may potentially make a claim or seek relief from the court, the court's entry of an order relating to a particular property that does not change the legal rights previously adjudicated

would create problems and would be contrary to the goal of efficient and timely management of a bankruptcy proceeding.

### IV. CONCLUSION

Based on the foregoing, the Bankruptcy Court's November 2, 2007 Order did not begin a new 10-day time period for the Appellant to appeal the September 28 Order. Under the test set out by the Supreme Court in *FTC v. Minneapolis* and followed by the Ninth Circuit in *United States v. Doe*, and taking into account the context of the bankruptcy "finality" rule, the September 28 Order was a final order as to the Appellant and a timely appeal from that order must have been filed within 10 days. The November 2 Order did not begin a new 10-day time period for the Appellant because the November 2 Order did not materially change the September 28 Order as to Appellant. The November 2 Order related to another party in the bankruptcy proceeding—Javier Rivera.

DATED: January 30, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeffrey L. Fillerup
Attorneys for Appellee JANINA M. ELDER,
Chapter 11 Trustee

301029164.1