IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: SOPHIA NG,

    Debtor

_____/

PATRICIA HEWLETT,

    Appellant,

  v.

JANINA ELDER,

    Appellee.

_____/

No. C 07-05883 CRB

Bankruptcy No. 06-30904 TEC

**ORDER DISMISSING APPEAL AS UNTIMELY**

    Appellant Patricia Hewlett appeals from the bankruptcy court's order of turnover of real property entered by the court on September 28, 2007 and amended on November 2, 2007. Now pending before the Court for decision is the motion of appellee Janina Elder, the bankruptcy trustee, to dismiss the appeal as untimely. After carefully considering the papers and oral argument of the parties, the motion to dismiss is GRANTED.

**PROCEDURAL HISTORY**

    On September 30, 2006, the debtor Sophia Ng filed a chapter 11 bankruptcy. At the time the bankruptcy was filed Ng owned real property, including an apartment building located at 1385 Clay Street. In January 2007, appellant Patricia Hewlett filed a proof of claim in the Ng bankruptcy claiming various interests in 1385 Clay Street based on pre-

bankruptcy petition contracts. These interests included the right to occupy one of the units, manage and operate the building, and purchase the building at a particular price. The Trustee subsequently filed an adversary proceeding against Hewlett challenging her claimed interests in 1385 Clay Street and objected to Hewlett's proof of claim.

The Trustee moved to sell 1385 Clay free and clear of any liens and interests, including Hewlett's claimed interests so that the property could be sold. By Order filed September 28, 2007, the bankruptcy court granted the motion and, among other things, enjoined Hewlett from going onto any part of 1385 Clay Street. In particular, the bankruptcy court ordered that as of noon on September 28, 2007, "all possessory, management, ownership, and other interests of Patricia Hewlett in the Property are terminated."

Hewlett responded to this Order by filing a complaint with the San Francisco Rent Control Board. The Trustee successfully moved to dismiss the complaint on the ground that it was filed in violation of the bankruptcy automatic stay and that the 1385 Clay is an asset of the bankruptcy estate and therefore under the exclusive jurisdiction of the bankruptcy court.

On October 30, 2007, Hewlett filed a petition for writ of mandamus in this Court, case number C 07-5532 CRB, seeking to vacate the bankruptcy court's September 28, 2007 Order. This Court denied the petition by Order filed October 31, 2007.

By Order filed November 2, 2007, the bankruptcy court issued an order amending the September 28, 2007 turnover order. The Order reads:

> In addition to the September 28, 2007 order relating to Patricia Hewlett, as of November 2, 2007 at 5:00 p.m., Patricia Hewlett's brother, Javier Rivera, shall vacate [1385 Clay St.] and Mr. Rivera is hereby enjoined from going into any part of the Property, except as expressly authorized by an order of this court or upon written express consent of Trustee. Mr. Rivera is also ordered to deliver to the office of the trustee's counsel (Jeffrey Fillerup at 121 Spear St., Suite 200, San Francisco, California, 94105) any and all keys to any doors or locks at [1385 Clay], including but not limited to keys to unit #3, the entrances to the building, and any other unit in the building, by 5:00 p.m. on November 2, 2007.

No other relief is provided in the Order.

Hewlett filed this appeal on November 5, 2007. Her brother, Javier Rivera, also filed an appeal the same day. He subsequently dismissed his appeal with prejudice. Appellee moves to dismiss Hewlett's appeal on the ground that it is untimely.

2

## DISCUSSION

A party must file a notice of appeal of a bankruptcy order, judgment or decree within 10 days of the filing of the challenged order. Bankruptcy Rule 8002(a). "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." In re Mouradick, 13 F.3d 326, 327 (9th Cir. 1994). "Because of the jurisdictional implications, this court [must] strictly construe[] the ten-day requirement." In re Souza, 795 F.2d 855, 857 (9th Cir. 1986).

Appellee moves to dismiss the appeal on the ground that the bankruptcy court issued its turnover order as to Hewlett on September 28, 2007--much more than 10 days before Hewlett filed her Notice of Appeal. See Saunders v. Band Plus Mortgage Corp., 31 F.3d 767 (9th Cir. 1994) (dismissing as untimely appeal filed 12 days after entry of bankruptcy court order appealed from).

Hewlett does not dispute that her appeal is untimely as to the September 28, 2007 Order; instead, she contends that her appeal is timely because the bankruptcy court amended the September 28 Order on November 2, 2007--only three days before she filed her appeal.

Hewlett first argues that because her brother appealed the November 2 Order, she had ten days to file her Notice of Appeal. As support for her argument she cites Bankruptcy Rule 8002(a) which provides that "[i]f a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed." Hewlett thus interprets this Rule as making an appeal from any order timely provided it is filed within 10 days of another party's appeal, even if the other party's appeal is of a different order.

Hewlett does not cite any case to support her expansive view of Rule 8002(a). This omission is unsurprising given that such a Rule would make the 10-day appeal rule and the strict construction of such rule meaningless. If Hewlett is correct she could appeal an order issued two year's earlier upon another party's appeal of an order issued two year's later, even if the later order has nothing to do with Hewlett or the earlier order. When Rule 8002(a) is

3

1 read in context and as a whole it is manifest that another party's appeal of an order extends
2 the time for a different party filing an appeal *of the same order*.  Rule 8002(a) thus does not
3 save Hewlett's appeal.

4 Next, Hewlett argues that because the November 2, 2007 Order amended the
5 September 28 turnover order, the 10 days to appeal her eviction in the September 28 Order
6 ran anew from the issuance of the latter order.  In FTC v. Minneapolis-Honeywell Regulator
7 Co., 344 U.S. 206 (1952), the Supreme Court held that while the period for review is not
8 tolled every time a judgment is revised "in an immaterial way," that period is tolled "when
9 the lower court changes matters of substance, or resolves a genuine ambiguity in a [prior]
10 judgment.  The test is a practical one.  The question is whether the lower court, in its second
11 order, has disturbed or revised legal rights and obligations which, by its prior judgment, had
12 been plainly and properly settled with finality."  FTC, 344 U.S. at 211-12.

13 The question here, then, is whether the bankruptcy court's November 2, 2007 Order
14 "disturbed or revised legal rights and obligations which, by its prior judgment [the Sep. 28
15 Order], had been plainly and properly settled with finality."  Id.  The answer is no.  The
16 September 28 Order settled the issue of Patricia Hewlett's occupation of and *any interest in*
17 1385 Clay.  The amended November 2 Order did not "disturb or revise[] legal rights and
18 obligations" settled by the September 28 Order; the November 2 Order merely addressed the
19 legal rights of a different person, Hewlett's brother.

20 At oral argument Hewlett argued that she had subleased a unit to her brother and
21 therefore the November 2 Order affected her legal rights; namely, the right to collect rent
22 from her brother.  This argument does not make sense.  The September 28 Order terminated
23 every property interest Hewlett had in 1385 Clay, including the right, if she had one, to
24 sublease her unit. The November 2 Order did not disturb or revise Hewlett's legal rights in
25 1385 Clay–it terminated Hewlett's brother's legal rights in the building, to the extent any had
26 existed.
27 //
28 //

4

1  Moreover, Bankruptcy Rule 8001 expressly identifies when a later order will extend
2 the time to appeal an earlier-filed order. Bankruptcy Rule 8002(b). For example, if a party
3 makes a timely motion to make additional findings of fact under Rule 7052, the time for
4 appeal runs from the entry of the order disposing of the motion to make additional findings.
5 Id. 8002(b)(1). Appellee's motion to amend the September 28 Order to exclude Hewlett's
6 brother from the property does not fall within any of the identified motions. Id. 8002(b0(1)-
7 (4).

## CONCLUSION

As Hewlett seeks to appeal the September 28 Order, and as the November 2 Order did not "revise or disturb" legal rights or obligations addressed by the September 28 Order, Hewlett's appeal is untimely and is therefore DISMISSED.

**IT IS SO ORDERED.**

Dated: Feb. 11, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE